915 F.2d 1583
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Karol W. VANZANT, Teddy L. Vanzant and Offroad Marketing
Corporation, Plaintiffs-Appellants,
v.
R.L. PRODUCTS, INC., Richard Aho and Milemarker, Inc.,
Defendants-Appellees.
 No. 90-1182.
 United States Court of Appeals, Federal Circuit.
 Sept. 10, 1990.
 
 Before MAYER, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The judgment of the United States District Court for the Southern District of Florida, entered on a jury verdict, that the patent in suit is valid but unenforceable is affirmed. See Vanzant v. R.L. Prod., Inc., No. 87-6804-CIV (Nov. 30, 1989).
 
 OPINION
 
 2
 Because the jury's answer to special interrogatory # 2 does not irreconcilably conflict with its general verdict on validity, the district court did not abuse its discretion in denying the Vanzants' new trial motion. The Vanzants concede, as they must, that a patent can be adjudged both valid (that is, not proven invalid) and unenforceable. See Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1213 (Fed.Cir.1987). They also recognize that a prior art device like the Bushwacker device can be material--"within a reasonable examiner's realm of consideration," Merck & Co., Inc. v. Danbury Pharmacal, Inc., 873 F.2d 1418, 1421 (Fed.Cir.1989)--yet not anticipate the patented invention. Section 102(g) requires generally that an anticipatory invention not only have been made before the patented invention, see Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1376 (Fed.Cir.1986), but also that it contain every element of the patented invention. See id. at 1379; Panduit Corp. v. Dennison Mfg. Co., 774 F.2d 1082, 1101 (Fed.Cir.1985).
 
 
 3
 Nevertheless, the Vanzants argue that the unequivocal testimony of patent experts Van Der Wall and Tachner renders the jury's answer to special interrogatory # 2--that the Bushwacker device was material prior art--irreconcilable with its general verdict that claims 1-15 of the patent were not proved invalid by clear and convincing evidence. The argument fails for two reasons. First, even assuming the experts wholeheartedly agreed that if the Bushwacker device were material prior art, then it anticipated claims 11-13, the jury was free to disregard their opinions. There was other evidence on which it could have rested its validity verdict: the patent in suit, physical samples of both the prior art Bushwacker and Vanzant "Mile Marker" devices, and numerous detailed photographs and drawings that focused on the critical claim elements as embodied in both devices. Given the different legal standards for materiality and anticipation (whether a reasonable examiner would consider the device relevant in determining the patentability of the invention versus whether the device contains every element of the claims in question), and the rule requiring us to indulge every reasonable interpretation to harmonize a jury's general verdict with its specific findings, see Popham v. City of Kennesaw, 820 F.2d 1570, 1575 (11th Cir.1987), we do not see how the expert testimony creates a conflict warranting a new trial.
 
 
 4
 Second, we do not think the experts were in agreement. While Van Der Wall stated that claims 11-13 are invalid because anticipated by the Bushwacker device, Tachner in fact testified equivocally that, if the Bushwacker were invented first and if it were fit for the purpose intended, it could anticipate claims 11-13. Even in light of the jury's finding that the Bushwacker device was indeed material prior art, and assuming, as the evidence suggests, that it was fit for its intended purpose, Tachner's testimony remains equivocal. We don't know and no one asked Tachner why he used "could" instead of "would," but the difference could have been important to the jury. Again, we construe the evidence in the manner most favorable to the jury's verdict.